UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRENDA WILLIAMSON**            **CASE NO. 2:22-CV-04093**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**UNDERWRITERS AT LLOYDS LONDON**    **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 21] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant Certain Underwriters at Lloyds Subscribing to Policy No. LI624900-05. The motion is unopposed. Doc. 29.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against "Underwriters at Lloyd's, London" under Louisiana law and invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On July 7, 2023, the court granted plaintiff's motion to substitute new counsel and the stay in this matter was lifted. Doc. 16. Defendant now moves to dismiss the suit for lack of subject matter jurisdiction, arguing that plaintiff cannot establish the required

amount in controversy because she has not named any of the subscribing syndicates under the policy as defendants. Doc. 21. Plaintiff has filed a notice of no opposition, reserving all rights against her former attorneys. Doc. 29.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests

on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331 here, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Policies issued by Underwriters pose unique challenges in establishing diversity jurisdiction because "[t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). Simply put, "a policy holder insures at Lloyd's, but not with Lloyd's." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). "The members or investors are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." *Id.* Each name is severally, but not jointly, liable for its proportionate share of the loss on a particular policy. *Id.* Accordingly, a party asserting federal jurisdiction must plead the jurisdictional minimum with respect to each name and may not aggregate its claims to reach the threshold. *See Akers v. Certain Underwriters at Lloyd's, London*, 2023 WL 8021827, at *2 (E.D. La. Nov. 20, 2023) (collecting cases).

Defendant shows that members of five separate syndicates subscribe to the policy, assuming between 4.0 and 50.1 percent of the risk. *See* doc. 21, att. 3, p. 11. The policy provides limits of $42,202.00 for dwelling coverage and $20,000.00 for personal property. Doc. 21, att. 2. Defendant has already paid policy limits on plaintiff's dwelling coverage and $401.55 towards her personal property. Doc. 21, att. 3, ¶ 6. Even if one name were liable for the total risk, and taking into account potential bad faith damages under La. R.S.

§ 22:1892 or 1973 and attorney fees, the court can find no scenario under which plaintiff's damages could meet the jurisdictional threshold. Accordingly, there is no basis for an exercise of subject matter jurisdiction over this case.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 21] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on the 8th day of January, 2024.

          **JAMES D. CAIN, JR.**
    **UNITED STATES DISTRICT JUDGE**